Kevin W. Chiang (SBN 252391)
**EQUITY LEGAL GROUP, P.C.**
201 S. Lake Ave., Ste. 506
Pasadena, CA 91101
Telephone: (818) 928-5677
Email: kchiang@equitylegalgroup.com

Attorneys for Plaintiff
AMY TAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY TAN, an individual, | Case No.: 2:19-cv-07512 |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR REMAND BY PLAINTIFF AMY TAN** |
| v. | |
| INVENTIV HEALTH INC., a corporate entity of unknown form; INVENTIV HEALTH CONSULTING, INC., a North Carolina corporation; MELISSA LANDERS, an individual; JEMMA CONTRERAS, an individual; and DOES 1-20, inclusive, | [*Filed Concurrently with Declaration of Kevin Chiang; and Proposed Order*] |
| Defendants. | Date: November 4, 2019 |
| | Time: 1:30 p.m. |
| | Dept.: Courtroom 7C |
| | Judge: Hon. Cormac J. Carney |

**TO THE COURT, THE PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 4, 2019, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, in the courtroom of the Honorable Cormac J. Carney, Plaintiff AMY TAN ("Plaintiff") will and hereby does move the Court to remand Plaintiff's lawsuit to state court and for reimbursement of costs incurred by Plaintiff based on the defective removal of Defendants INVENTIV HEALTH, INC. and INVENTIV HEALTH CONSULTING, INC. (collectively, "Defendants"). This motion is brought on the following grounds: despite the allegations in Defendants' removal papers, Jemma Contreras is not a "sham" defendant and is properly named in this suit. Thus, her presence in the lawsuit—given her California citizenship—breaks diversity and divests the Court of subject matter jurisdiction.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Kevin Chiang, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Further, this motion is made following the conference of counsel pursuant to L.R. 7-3, which took place via e-mail from September 21, 2019 to September 27, 2019 and also by phone on September 27, 2019.

DATED:  September 30, 2019                    Respectfully submitted,

                                                  **EQUITY LEGAL GROUP, P.C.**

                           By:    */s/ Kevin W. Chiang*
                                   Kevin W. Chiang

                                   Attorneys for Plaintiff
                                   AMY TAN

PLAINTIFF'S MOTION FOR REMAND                           Case No.: 2:19-cv-07512

# **TABLE OF CONTENTS**

**I.**     **Introduction** ……………………………………………………………………1

**II.**    **Statement of Facts**     ……………………………………………………… 2

**III.**   **Legal Argument** ……………………………………………………… 3

      **A.**     **Remand Is Warranted Because Ms. Contreras Is A Proper Defendant Under Labor Code § 1102.5.** ……………………………………...… 3

      **B.**     **Defendants Fail To Meet Their Burden In Establishing Fraudulent Joinder Even If The Court Were To Find That The Factual Allegations Against Ms. Contreras Are Insufficient.** ………………………………... 4

**IV.**    **Conclusion** ……………………………………………………… 5

PLAINTIFF'S MOTION FOR REMAND                                     Case No.: 2:19-cv-07512

## TABLE OF AUTHORITIES

Federal Cases

*De La Torre v. Progress Rail Servs. Corp.*, 2015 WL 4607730 (C.D. Cal. July 31, 2015) …………………………………………………………………...3

*Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992) …………5

*Grancare, LLC v. Thrower by & through Mills,* 889 F.3d 543, 550 (9th Cir. 2018) ………………………………………………………………… 1-2, & 4

*Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)……………………………………………………………………5

*Jackson v. Dollar Tree Distribution, Inc.*, 2018 WL 2355983 (C.D. Cal. May 23, 2018)………………………………………………………………3

*Khan v. Infor (US) Inc*, 2016 WL 3751615 (C.D. Cal. July 13, 2016) ……… 1, 3

*Lewis v. Wells Fargo Bank, N.A.*, 2016 WL 7107760 (C.D. Cal. Dec. 5, 2016) ….3

*Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996)……………………………………………………………………5

*O'Neill v. Grupo Radio Centro LA, LLC*, 2015 WL 6453073 (C.D. Cal. Oct. 21, 2015)………………………………………………………………3

*Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)………………………………………………………………5


Federal Statute

28 U.S.C. § 1447……………………………………………………………….5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Remand is proper and should be granted because there is <u>no</u> diversity of citizenship between the parties. Indeed, Jemma Contreras—who is a *California citizen*—has been named as a defendant in this action under Labor Code § 1102.5. Thus, her presence in this lawsuit breaks diversity of citizenship and divests the Court of subject matter jurisdiction.

Any argument that Ms. Contreras is a "sham" defendant wholly fails because supervisors—like Ms. Contreras—even when not employers can be sued under Labor Code § 1102.5, as this Court previously has held. *See Khan v. Infor (US) Inc*, 2016 WL 3751615, at *4 (C.D. Cal. July 13, 2016) ("To be sure, Khan's retaliation allegations against McDade are not especially robust. McDade was apparently not Khan's direct supervisor, and Khan seems not to be aware of the magnitude of McDade's specific involvement in his termination. ***<u>Nonetheless, this is precisely the sort of issue on which a finding a fraudulent joinder would be inappropriate</u>***. Khan has adequately alleged that McDade denigrated him and his work over a long period of time, that her comments affected Infor's decision to terminate him, and that the comments affected his work environment. ***<u>Combined with § 1102.5's relatively new provision for individual liability, the Court cannot say that there is no possibility that Khan will be able to state a retaliation claim against McDade. Remand is therefore appropriate</u>***.") (emphasis added).

Further, to the extent Defendants point to the sufficiency of the Complaint as a basis to argue Ms. Contreras is a "sham" defendant, that argument fails too based on recent binding Ninth Circuit authority. *See Grancare, LLC v. Thrower by & through Mills,* 889 F.3d 543, 550 (9th Cir. 2018). Indeed, the Ninth Circuit in *Grancare* holds, as follows: "If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. ***<u>But the reverse is not true</u>***. If a defendant cannot withstand a Rule 12(b)(6)

motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* (emphasis added). Here, even if the Court were to agree that the allegations against Ms. Contreras are insufficient and must be pled with further specificity, that alone fails to defeat the remand motion because Plaintiff, with leave, can amend her Complaint to state further factual details. *See id.* at 547 ("fraudulent joinder should not be found if there is 'any possibility' that a plaintiff could state a claim against the defendant, ***even if the complaint actually fails to state a claim***") (emphasis added).

For all these reasons, Plaintiff requests that the Court grant Plaintiff's motion for remand and order Defendants to pay Plaintiff for all her "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

## II.   STATEMENT OF FACTS

Plaintiff filed her Complaint against Defendants on or about June 28, 2019. (Doc. No. 2, pp. 7-17.) In her Complaint, Plaintiff named Jemma Contreras as an individual defendant but only as to her claims under Labor Code § 1102.5. (*Id.* at pp. 7 and 10.) Plaintiff further alleged on information and belief that Ms. Contreras "had supervisory responsibilities over Plaintiff . . . [,] engaged in all the wrongful conduct detailed herein . . . [and] is [or was] a resident of California." (*Id.* at p. 8.) As to Ms. Contreras's wrongful conduct, the Complaint alleges Ms. Contreras (as a supervisor and in concert with the other Defendants) "retaliated against Plaintiff for engaging in protecting activity under Labor Code § 1102.5, including by issuing [Plaintiff] a bogus P[erformance] I[mprovement] P[lan] for retaliatory reasons." (*Id.* at p. 10.)

Notwithstanding, Defendants removed Plaintiff's state court action on or about August 29, 2019. (*See generally* Doc. No. 1.) In their removal papers, Defendants argued subject matter jurisdiction was proper because, in the absence of Jemma Contreras, there was complete diversity of citizenship. In that regard, Defendants contended Plaintiff had "improperly nam[ed] Jemma Contreras"; thus, "[her] citizenship . . . should be

PLAINTIFF'S MOTION FOR REMAND                                      Case No.: 2:19-cv-07512

disregarded." (Doc. No. 1, ¶ 20.) In support for this argument, Defendants relied primarily on an *Eastern District* case, *Tillery v. Lollis*, 2015 WL 4873111, at *11 (E.D. Cal. August 13, 2015), which held "individuals [could] not [be] susceptible to liability under [Labor Code] section 1102.5."

This motion for remand ensued, following a good-faith conference of counsel under Local Rule 7-3. (Declaration of Kevin W. Chiang ("Chiang Decl."), ¶ 2.)

## III.   **LEGAL ARGUMENT**

### A.   **Remand Is Warranted Because Ms. Contreras Is Proper Defendant Under Labor Code § 1102.5.**

In a prior 2016 decision, this very Court held that Labor Code § 1102.5 (with its "relatively new provision for ***individual liability***") precluded diversity jurisdiction and thus remanded on that basis. *See Khan v. Infor (US) Inc*, 2016 WL 3751615, at *4 (emphasis added). Others Courts within the Central District have agreed with the Court's prior analysis and have issued similar rulings. *See, e.g., Jackson v. Dollar Tree Distribution, Inc.*, 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018) ("[O]ther courts have determined that there is at the very least ambiguity as to whether § 1102.5 permits individual liability—an uncertainty that ought to be resolved in favor of Plaintiff"); *Lewis v. Wells Fargo Bank, N.A.*, 2016 WL 7107760, at *2 (C.D. Cal. Dec. 5, 2016) (finding that, "[b]ecause any ambiguity in state law must be interpreted in favor of the non-removing party," "Defendant has not satisfied its burden to prove that there is no possibility of Plaintiff's success in his section 1102.5 claim against [his supervisor]"); *O'Neill v. Grupo Radio Centro LA, LLC*, 2015 WL 6453073, at *3 (C.D. Cal. Oct. 21, 2015) (finding that defendants have not met their burden of showing fraudulent joinder because, "[e]ven if the amended statute in question ultimately does not provide for individual liability, no California Court has currently addressed this issue."); *De La Torre v. Progress Rail Servs. Corp.*, 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015) (finding California Labor Code § 1102.5 ambiguous on the issue of individual liability, and thus finding that defendants failed to demonstrate fraudulent joinder).

1
2
3
4

Accordingly, the Court should find Ms. Contreras is <u>not</u> a "sham" defendant because she is properly named under Labor Code § 1102.5. Further, on that basis, the Court should remand this action to state court as Ms. Contreras's inclusion in the lawsuit breaks complete diversity of citizenship.

5
6
7

**B.     Defendants Fail To Meet Their Burden In Establishing Fraudulent Joinder Even If The Court Were To Find That The Factual Allegations Against Ms. Contreras Are Insufficient.**

8
9
10
11

To the extent Defendants argue Ms. Contreras is a "sham" defendant because the factual allegations against her are insufficiently pled, the Court should disregard this claim as the analysis on a remand motion are different than a 12(b)(6) motion to dismiss. Indeed, the Ninth Circuit has recently held that:

12
13
14
15
16
17
18
19

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. ***But the reverse is not true***. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

20

*Grancare,* 889 F.3d at 550 (9th Cir. 2018).

21
22
23
24
25
26

Thus, even if the Court were to agree that the allegations against Ms. Contreras are insufficient, there still is ample authority to grant Plaintiff's remand motion because, with leave, Plaintiff *could* amend her Complaint to state additional facts against Ms. Contreras. *See id.* at 547 ("fraudulent joinder should not be found if there is '***any possibility***' that a plaintiff could state a claim against the defendant, ***even if the complaint actually fails to state a claim***") (emphasis added).

27
28

Under federal law, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden

PLAINTIFF'S MOTION FOR REMAND                                   Case No.: 2:19-cv-07512

of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Thus, a claim of fraudulent joinder should be denied if there is ***any possibility*** that the plaintiffs may prevail on the cause of action against the in-state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (*quoting Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992) ). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

## IV.   **CONCLUSION**

Based on the foregoing, Plaintiff requests that this action be remanded to state court and that Plaintiff be awarded $5,000 to compensate for all the "just costs and any actual expenses, including attorney fees, incurred as a result of [Defendants' improper] removal."  28 U.S.C. § 1447(c); (Chiang Decl., ¶ 3).

DATED:  September 30, 2019                Respectfully submitted,

                                          **EQUITY LEGAL GROUP, P.C.**


                              By:     */s/ Kevin W. Chiang*
                                      Kevin W. Chiang

                                      Attorneys for Plaintiff
                                      AMY TAN