JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMY TAN, | Case No.: CV 19-07512-CJC(ASx) |
| Plaintiff, | |
| v. | |
| INVENTIV HEALTH CONSULTING INC. et al., | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 12] |
| Defendants. | |

**I. INTRODUCTION**

On June 28, 2019, Plaintiff Amy Tan brought this employment discrimination action against InVentiv Health, Inc., InVentiv Health Consulting, Inc. (collectively, "InVentiv"), Melissa Landers, Jemma Contreras, and Does 1 through 100 in Los Angeles County Superior Court. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Before the Court

-1-

is Plaintiff's motion to remand. (Dkt. 12 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

This case arises from instances of alleged workplace harassment and discrimination that occurred while Plaintiff was employed by InVentiv as a consultant. Plaintiff started work at InVentiv in November 2010 but voluntarily resigned seven months later. (Compl. ¶ 11.) However, Plaintiff was "quickly rehired" when she applied for the same position in September 2013. (*Id.*) Plaintiff allegedly enjoyed considerable success in the workplace during her second stint at InVentiv. She worked on one of InVentiv's largest projects, managed a twelve-person project team, and helped grow the number of companies that sponsored the project from 18 to 70. (*Id.* ¶ 12.) InVentiv compensated Plaintiff accordingly—between April 2014 and March 2018, her salary increased from $125,000 to $172,800 and she received nearly $100,000 in cash bonuses. (*Id.*)

Plaintiff began to experience problems at work in early 2018 when she was reassigned to work under Melissa Landers, a Managing Director at InVentiv. (*Id.* ¶ 13.) This reassignment came just after Plaintiff reported to management two instances of alleged misconduct committed by her colleague, Caitlin Briggs. (*Id.*) Plaintiff alleges that after coming under Landers' supervision, she was discriminated against on the basis of her age and her race. (*Id.*) On one instance, Landers directed a younger Asian employee to speak with Plaintiff—who is also Asian—about career advice. (*Id.* ¶ 14.) When Plaintiff inquired as to why Landers gave her this assignment, Landers allegedly

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 4, 2019, at 1:30 p.m. is hereby vacated and off calendar.

responded "you know, the way you are . . . quiet . . . not like me, I can talk to anyone." (*Id.*) Plaintiff alleges that Landers unjustly criticized her performance and also belittled her in front of other Managing Directors, including Defendant Jemma Contreras. (*Id.*) During one meeting attended by Plaintiff, Landers, Contreras, and other managing directors, Landers made a joke at Plaintiff's expense and the other attendees laughed, "making Plaintiff feel humiliated." (*Id.*) Plaintiff alleges that Landers treated younger, Caucasian subordinates with more dignity and respect. (*Id.*)

At one point, Plaintiff told Landers that she believed that some of her business practices violated the law. (*Id.* ¶ 15.) In response, InVentiv, Landis, and Contreras allegedly retaliated against Plaintiff by removing all of her direct reports and putting her on a performance improvement plan. (*Id.*) Undeterred, Plaintiff filed several complaints with InVentiv's human resources department which made similar allegations against Landers. (*Id.* ¶ 16.) Plaintiff alleges that InVentiv never investigated these complaints. (*Id.*) At some point after that, Plaintiff took an approved, unpaid leave of absence from InVentiv. (*Id.* ¶ 17.) It does not appear that she has returned to work since then. Plaintiff has exhausted her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and received a notice of the right to sue on June 28, 2019. (*Id.* ¶ 18.)

Plaintiff sued Defendants in Los Angeles Superior Court, asserting a number of violations of California law including (1) hostile work environment in violation of the California Fair Employment and Housing Act ("FEHA"), (2) discrimination in violation of FEHA, (3) retaliation in violation of FEHA, (4) failure to prevent harassment, discrimination, and retaliation in violation of FEHA, and (5) retaliation in violation of Labor Code § 1102.5. (*See generally id.*) On August 29, 2019, InVentiv removed the case to federal court, alleging that this Court has diversity jurisdiction because Jemma Contreras was fraudulently joined as a Defendant. (Dkt. 1 [Notice of Removal,

hereinafter "NOR"].) Plaintiff then filed a motion to remand the case to Los Angeles County Superior Court.

### III. DISCUSSION

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant to a federal district court if the action could have been brought there originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### A. Complete Diversity

The parties dispute whether there is complete diversity of citizenship between them. Federal courts only have diversity jurisdiction over a matter when the parties are completely diverse. 28 U.S.C. § 1332(a). Plaintiff, a California citizen, alleges that complete diversity is not present here due to her claims against Jemma Contreras, who she alleges is also a California citizen. InVentiv asserts that Contreras was fraudulently joined and cannot be used to destroy complete diversity. On this point, the Court agrees with Plaintiff.

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). When a sufficient showing of fraudulent joinder is made, a court will not consider the citizenship of the fraudulently joined party when determining if there is complete diversity in a case. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Id.* (internal quotations omitted). Defendants establish fraudulent joinder by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory." *See Ritchey*, 139 F.3d at 1318. This is an exacting standard because "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Joinder is only fraudulent when a plaintiff's claims against the resident defendant fail "and the failure is obvious according to the settled rules of the state." *Id.* at 1043.

The Ninth Circuit recently reiterated that the tests for fraudulent joinder and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are not equivalent. *See Grancare*, 889 F.3d at 549. Even if a plaintiff's claims against a defendant could not withstand a 12(b)(6) motion, that does not mean that the defendant has been fraudulently joined. Before finding fraudulent joinder, a court must also determine "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *See id.*

Of Plaintiff's five claims, only the fifth—her section 1102.5 retaliation claim—is asserted against Contreras. Thus, if Defendants can establish that Contreras "cannot be held liable on any theory" as to this claim, Plaintiff's motion to remand must be denied.

*See Ritchey*, 139 F.3d at 1318. Prior to 2014, there was little question that section 1102.5 precluded individual liability and that the only proper defendants were employers themselves. *See CTC Glob. Corp. v. Huang*, 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018). In 2014 however, the California Legislature amended the statute. These amendments added the following italicized language to section 1102.5: "[a]n employer, *or any person acting on behalf of the employer*, shall not retaliate against an employee . . . ." California Labor Code § 1102.5(b). After the amendments, "the plain language of section 1102.5 seems to stretch itself to individual liability." *See CTC Glob.*, 2018 WL 4849715, at *4.

"When interpreting state law, federal courts are bound by decisions of the state's highest court." *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 865 (9th Cir. 1996). However, California state courts have yet to weigh in on whether the revisions to section 1102.5 opened the door for claims against individual defendants. *See Bales v. County of El Dorado*, 2018 WL 4558235, at *2 (E.D. Cal. Sept. 20, 2018) (noting that "[n]o California court has addressed the issue of individual liability since the amendment") (internal quotation omitted). This lack of guidance has caused California district courts to split on the issue. *Compare Jackson v. Dollar Tree Distrib., Inc.*, 2018 WL 2355983, at *1 (C.D. Cal. May 23, 2018) (granting plaintiff's motion to remand because the 2014 amendments caused ambiguity as to whether section 1102.5 permitted individual liability) *with Tillery v. Lollis*, 2015 WL 4873111, at *1 (E.D. Cal. Aug. 13, 2015) (granting individual defendants' 12(b)(6) motion to dismiss after finding that "individuals are not susceptible to liability under section 1102.5").

This Court previously addressed this issue in *Khan v. Infor (US) Inc.*, 2016 WL 3751615, at *4 (C.D. Cal. July 13, 2016). There, it granted the plaintiff's motion to remand after concluding that the defendant failed to establish fraudulent joinder given the unsettled nature of California law after the amendments to section 1102.5. *See id.*

InVentiv now urges the Court to change its course. It alleges that since *Khan*, a consensus has developed and "under the now-settled law of California, there can be no individual liability under Labor Code § 1102.5." (Dkt. 14 at 7.) The Court is not convinced that the law is now settled on this issue. No California appellate court has yet confronted the question. And all of the district court cases which purportedly establish the "consensus" were decided on Rule 12(b)(6) motions, rather than motions to remand, where "any doubt is resolved against removability." *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). When district courts confront this issue on motions to remand, they consistently rule for plaintiffs. *See, e.g.*, *Jackson*, 2018 WL 2355983, at *1 (granting motion to remand after finding that amendments to § 1102.5 created an ambiguity as to the permissibility of individual liability and resolving that ambiguity in plaintiff's favor). InVentiv has pointed to nothing that convinces this Court to deviate from its previous holding in *Khan*.

Nor is the Court persuaded that Plaintiff's allegations against Contreras are so deficient that they could not be cured by amendment. To be sure, as currently pled, Plaintiff's section 1102.5 retaliation claim against her is far from ironclad. Especially when compared to Defendant Landers, Plaintiff's direct supervisor, Contreras's role in the alleged retaliation appears peripheral. But when conducting a fraudulent joinder analysis, courts must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *See Grancare*, 889 F.3d at 549. Despite the relative weakness of Plaintiff's claim against Contreras, the Court is not persuaded that it is so unsalvageable as to merit a finding of fraudulent joinder. *See De La Torre v. Progress Rail Servs. Corp.*, 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015) (refusing to find fraudulent joinder even though the individual defendant was mentioned only once in plaintiff's complaint). Plaintiff's complaint sufficiently alleges that there is a *possibility* that she could recover against Contreras under section 1102.5. That is all that

is required to show that a finding of fraudulent joinder is not appropriate here. *See Grancare*, 889 F.3d at 551. Accordingly, Plaintiff's motion to remand is **GRANTED**.

### B. Attorneys' Fees

Plaintiff also requests an award of attorneys' fees and costs for filing this motion. "Courts may award attorney's fees under [28 U.S.C. § 1447(c)] only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that InVentiv had an objectively reasonable basis for removal given the lack of binding authority on whether there can be individual liability under section 1102.5 after the 2014 amendments. Plaintiff's request for attorneys' fees and costs is **DENIED**.

## IV. CONCLUSION

For the following reasons, Plaintiff's motion to remand is **GRANTED**. This action is hereby remanded to Los Angeles County Superior Court.

DATED: October 24, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE